UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| IAN J. DUKES, | ) |
| | ) |
| Petitioner-Defendant, | ) |
| | ) |
| v. | ) Case Nos. 20-cr-20021-1 |
| | )            22-cv-2171 |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent-Plaintiff. | ) |

## ORDER AND OPINION

**SARA DARROW, Chief U.S. District Judge:**

Petitioner Ian J. Dukes has filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (d/e 80), as well as a Motion to Dismiss (d/e 77). His Motion to Dismiss alleges that there was a lack of interstate commerce connection related to his enticement of a minor convictions. His § 2255 Motion raises ineffective assistance of counsel claims. However, as explained below, Dukes' claims are untimely and his interstate commerce claim is meritless. Accordingly, the Court DENIES Petitioner's § 2255 Motion (d/e 80) and his Motion to Dismiss (d/e 77), and DECLINES to issue a certificate of appealability.

### I. BACKGROUND

Dukes was charged in a five-count indictment with: enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Count 1); attempted enticement of a minor, in violation of 18 U.S.C. §§ 2422(b) and (2) (count 2); attempted sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) and (e) (Count 3); sex trafficking of children, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), (b)(2), and (c) (Count 4); and receipt of child pornography, in violation of 18 U.S.C.

§§ 2252A(a)(2)(A) and (b)(1).  *See* Indictment (d/e 9).  On August 14, 2020, Dukes pled guilty to all five counts pursuant to a plea agreement.  *See* Plea Agreement (d/e 31).  In the plea agreement, Dukes waived his appellate and collateral attack rights aside from certain ineffective assistance of counsel claims.  The parties also agreed to the basic facts of the offense, which included that in committing the crimes Dukes used the internet to access the social media site Facebook and used a cellular phone to contact and communicate with the minor victims.  *Id.* ¶31.

The United States Probation Office prepared a Presentence Investigation Report in advance of sentencing.  The PSR calculated a combined adjusted offense level of 43.  The offense level was enhanced to 48 pursuant to U.S.S.G. 4B1.5(b)(1).  After a three-point deduction for acceptance of responsibility, Dukes' total offense level was 43.  And, he had a criminal history score was I.  Accordingly, Dukes' sentencing guidelines imprisonment range was life on Count 1, 2, and 4, the statutory maximum of 30 years on Count 3, and the statutory maximum of 20 years on Count 5.  PSR ¶129.  At the sentencing hearing on February 22, 2021, the Court sentenced Dukes to a total sentence of 342 months' imprisonment, followed by a 15-year term of supervised release.  *See* Judgment (d/e 63). Dukes did not appeal.

On February 28, 2022, Dukes filed a Motion to Dismiss (d/e 77), arguing that Counts 1 and 2 of the indictment should be dismissed for lack of subject matter jurisdiction because there was no "interstate" connection as required under the commerce clause.  Judge Mihm first dismissed the motion on March 21, 2022, as an unauthorized *pro se* motion.  Then he vacated that text order as an error on April 5, 2022.  *See* March 21, 2022 Text Order; April 5, 2022 Text Order.  On April 22, 2022, Judge Mihm notified Dukes that he had thirty days to withdraw or amend his Motion to Dismiss or it would be construed as a § 2255 motion.  On May 23, 2022, Dukes filed and was granted an extension of time from the deadline in Judge Mihm's prior Text

Order.  *See* Motion (d/e 79); May 23, 2022 Text Order.  And, on August 22, 2022, Dukes finally filed his § 2255 Motion (d/e 80).  The government has filed a response (d/e 82) and Dukes has filed a reply (d/e 84).  After careful consideration, this Order now follows.

## II. DISCUSSION

Dukes' § 2255 claims are untimely.  A one-year period of limitation applies to § 2255 petitions.  28 U.S.C. § 2255(f).  The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Dukes only purports to rely on § 2255(f)(1) for meeting the one-year statutory deadline.  The Court entered the judgment in Dukes' case on February 23, 2021, so his conviction became final 14 days later on March 9, 2021, when the time to file an appeal lapsed.  Accordingly, a timely § 2255 Motion needed to be filed by March 9, 2022.

As recounted above, on February 28, 2022, before the one year deadline, Dukes did file a motion titled a "Motion to Dismiss," that could be construed as an initial § 2255 motion.  *See* Motion to Dismiss (d/e 77).  On April 22, 2022, Judge Mihm notified Dukes that he had thirty days to withdraw or amend his Motion to Dismiss or it would be construed as a § 2255 motion.  On May 23, 2022, Dukes filed and was granted an extension of time from the deadline in Judge

Mihm's Text Order. *See* Motion (d/e 79); May 23, 2022 Text Order. And, on August 22, 2022, Dukes finally filed his § 2255 Motion (d/e 80).

Dukes first argues that the claims in his § 2255 Motion are timely because Judge Mihm granted him an extension of time to file the motion. This argument has various issues. Most obviously, Dukes did not even request an extension to file his § 2255 Motion until *after* the deadline had already passed. Moreover, while in rare circumstances a court may find equitable tolling appropriate and deem an untimely motion timely, *see, e.g., Lombardo v. United States*, 860 F.3d 547 (2017), there is general agreement among the lower courts that "a district court does not have the authority to extend the deadline for filing a motion under § 2255 except for those instances which Congress expressly authorized." *United States v. Crawford*, No. 07-CR-20106, 2009 WL 1329141, at *1 (C.D. Ill. May 11, 2009) (citing *Pashcal v. United States,* 2003 WL 21000361, at * 2 (N.D. Ill 2003) (citing cases)). This distinction means that the rare petitioner that meets the showing of exceptional circumstances permitting equitable tolling, must first file a substantive § 2255 motion before the Court can address whether the motion is timely and whether equitable tolling applies. *See, e.g., Green v. United States,* 260 F.3d 78 (2d Cir. 2001) ("[A] district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period."). Put simply, Judge Mihm was not authorized to extend the statutory § 2255(f) filing deadline even if Dukes had asked before the deadline had passed.

However, Dukes did file his Motion to Dismiss (d/e 77) *before* the deadline, which the Court may liberally construe as his initial § 2255 motion. Accordingly, any claims in his second filing (d/e 80) that "relate back" to his timely filing could still be considered timely. Federal

Rule of Civil Proceedings 15(c)(1)(B) provides that pleading amendments relate back to the filing date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The Supreme Court clarified in *Mayle v. Felix*, 545 U.S. 644 (2005), that an amended petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650, 125 S.Ct. 2562 (2005).

Here, Dukes' timely filing—his Motion to Dismiss—only argued that his convictions on Counts One and Two did not sufficiently impact interstate commerce. Dukes' second filing—his § 2255 Motion—raised claim three claims: (1) that his counsel provided ineffective assistance when he failed to object to his sex trafficking charge (Count Four) based on the fact that he and his victim were both living in Illinois; (2) his counsel provided ineffective assistance when he advised that Dukes should agree to certain sentencing guideline enhancements; and (3) the Court relied on unconstitutional factors when it relied on the sentencing guideline enhancements. There is no basis to find his second and third grounds relate back to his initial filing. Dukes' initial filing only mentioned his interstate commerce-related argument—it said nothing about disagreements he had about his sentencing guidelines calculations or even the sentencing hearing. And, even reading his filings extremely liberally, his first claim does not relate back to his motion to dismiss. Since Dukes mentions the residence of him and his victim in the first claim, the Court assumes that Dukes is again arguing a lack of interstate connection. However, in his initial filing Dukes did not mention ineffective assistance of counsel and challenged Counts One and Two, whereas in his second filing he brought an ineffective assistance of counsel claim relating to Count Four.

Nonetheless, even if the Court were willing and able to take an extremely liberal reading of Dukes' initial filing and find that his first claim relates back, his claim is meritless. Dukes argues that because he and his minor victim under Count Four were both residents of the State of Illinois, that they never went "across State lines" for the purposes of affecting interstate commerce. The elements of the offense were recounted in the plea agreement:

> a.. The defendant knowingly recruited, enticed, harbored, transported, provided, obtain, patronized, solicited, or maintained his minor victim; and
>
> b. The defendant knew or recklessly disregards the fact the victim was under 18 years of age and would be caused to engage in a commercial sex act or the defendant had reasonable opportunity to observe the minor victim; and
>
> c. The offense was in or affecting interstate commerce.

*See* Plea Agreement (d/e 31) ¶7. Dukes acknowledged in his plea agreement that he was, in fact, guilty under the relevant statute, 18 U.S.C. §§ 1591(a)(1), (b)(1), and (c). *Id.* at ¶ 7, 45.

Here, Dukes is incorrect about what it means for an offense to be "in or affecting interstate commerce." Dukes affirmed that he used a cellular telephone, as well as the internet and the online social media and networking website Facebook, to communicate with his minor victim. He engaged in Facebook Messenger conversations in which he discussed sexually explicit topics with the victim, spoke about what sexual acts he wanted to perform on his victim and vice versa, negotiated terms for sexual encounters, and requested pornographic images, which he received, of the minor victim. Courts have consistently held that the internet is an instrumentality of interstate commerce, which Congress clearly has the power to regulate, even as it may extend to conduct that would typically have a primarily intrastate impact. *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004). The internet possesses a "very interstate nature," and "once a user submits a connection request to website server, or an image is transmitted from the website server back to the user, the data has traveled in interstate

commerce." *United States v. MacEwan*, 445 F.3d 237, 244 (3d Cir. 2006). The use of the internet to receive and download child pornography is a sufficient interstate nexus, and the government is not required to prove that images were transmitted from another state, or that the defendant knew that they were. *United States v. Salva-Morales*, 660 F.3d 72, 75-76 (1st Cir. 2011); *United States v. Lewis*, 554 F.3d 208, 215 (1st Cir. 2009). Using a website on the internet to advertise and coordinate sex with a minor victim is also sufficient to satisfy the interstate nexus requirement. *United States v. Gray-Sommerville*, 618 F. App'x. 165, 168 (4th Cir. 2015); *see also United States v. Phea*, 755 F.3d 255, 266 (5th Cir. 2014). Additionally, the use of a social networking application to communicate with a victim is properly characterized as a use of an interstate channel or instrumentality. *United States v. Baston*, 818 F.3d 651, 664 (11th Cir. 2016). Essentially, "it is beyond debate that the Internet and email are facilities or means of interstate commerce." *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009). Dukes has not pointed to any caselaw to the contrary and the Court finds that the use of Facebook, and, therefore, the internet, to communicate with the minor victim, request and receive pornographic images of the minor victim, and coordinate their sexual encounter, are all clear examples of actions that satisfy the interstate nexus. Moreover, Dukes cannot show that his counsel was ineffective for failing to raise this argument because the argument is meritless.

## IV. EVIDENTIARY HEARING

An evidentiary hearing is not always necessary in § 2255 cases. *See Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). However, "[a] hearing is required unless the record conclusively shows that the movant is not entitled to relief." *Hicks v. United States*, 886 F.3d 648, 650 (7th Cir. 2018); 28 U.S.C. § 2255(b). Here, the Court finds that an evidentiary hearing is unnecessary because Mr. Dukes' claims are untimely and/or meritless.

## V. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court does not find that reasonable jurists could disagree that Petitioner's claims are untimely and/or meritless. Accordingly, the Court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, the Court DENIES Petitioner Dukes' Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (d/e 80). The Court DECLINES to issue a certificate of appealability and DECLINES to hold an evidentiary hearing. The Clerk is DIRECTED and enter the Judgment and close the accompanying civil case, 22-cv-2171. This case is CLOSED.

Signed on this 10th day of April 2023.

/s/ Sara Darrow  
Sara Darrow  
Chief United States District Judge